UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ADRIAN DEMON JOHNWELL,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | No. ED CV 19-01591-JGB (DFM)<br><br>ORDER TO SHOW CAUSE |

On July 13, 2019, Adrian Demon Johnwell ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction with the Ninth Circuit. See Dkt. 1 ("Petition"). The Ninth Circuit deemed the Petition filed in this Court on that date. See Dkt. 2. For the reasons discussed below, Petitioner is ORDERED to show cause in writing within 28 days of the service of this Order why the instant petition should not dismissed with prejudice because it is time-barred.

///

///

///

**A.    State Court Proceedings**

According to the Superior Court of California, County of San Bernardino website, Petitioner's challenged conviction occurred in May 2004 in San Bernardino County Superior Court (No. FSB1103711-1). See Superior Court of California, County of San Bernardino, Court Case Information and Document Sales, http://www.sb-court.org/Divisions/Civil/CaseInformationOnline.aspx ("SBSC Case Information") (No. FSB052284-1). Petitioner appealed in 2006, and the state appellate court affirmed his conviction in January 2008. See California Courts, Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov (search for Case No. E041853). The California Supreme Court denied review on April 3, 2008. See id.

The Court has not found any previous federal habeas petitions filed by Petitioner, although he filed state habeas petitions in the California Court of Appeal on June 26, 2009 (Case No. E048685), which was denied.

**B.    Timeliness of the Petition**

**1.    Facial Untimeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on March 26, 2008. Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. Thus, his conviction became final 90 days later, on June 24, 2008. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from the date his judgment became

final, or until June 24, 2009, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until July 2019, over ten years too late. The Petition is thus facially untimely.

### 2. Trigger Date

From the face of the Petition, Petitioner appears to have little if any basis for contending that he is entitled to a later trigger date under 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C).

As for 28 U.S.C. § 2244(d)(1)(D), Petitioner implies that, at the time of trial, he did not know that DNA fingerprinting was available. Petitioner does not state when he learned of the alleged DNA fingerprinting information. However, previous filings by Petitioner reflect that he was aware of the factual predicate of his claims in at least February 2016. See Michael Wilson v. J. Gastello et al., Case No. 16-9449, Dkt. 32 at 11 (C.D. Cal. Sept. 26, 2017) (naming Arneson as defendant in civil rights complaint and stating that he wrote to the U.S. Attorney's office on February 2, 2016 regarding Arneson's involvement); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance"). Thus, not only has Petitioner not demonstrated that he is entitled to any later trigger date under 28 U.S.C. § 2244(d)(1), but even if he did, that date would not be later than February 2, 2016, which would not render his claims timely.

a. Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id. Periods of up to 60 days are generally presumptively reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (2006).

As previously discussed, Petitioner's limitation period likely began running on June 24, 2008. Petitioner has not submitted any evidence that he filed any state habeas petitions before his June 26, 2009 California Court of Appeal habeas petition or any habeas petitions with the California Supreme Court. Even assuming that his June 26, 2009 petition was properly filed, his AEDPA statute of limitations would have expired a few days earlier.

b. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952,

4

959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Consequently, equitable tolling is justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. See Holt v. Frink, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner has not addressed his failure to file in a timely manner or contended that he took any action before the AEDPA limitation period expired. Thus, Petitioner fails to demonstrate that he pursued his rights diligently.

    c. Actual Innocence Exception

Petitioner suggests that he is actually innocent of the charged crimes. Petition at 4. Although there is an actual innocence exception to the statute of limitations, see McQuiggin v. Perkins, 589 U.S. 383, 386 (2013), in order to qualify for it, "a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice," Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc) (internal quotation marks omitted). In other words, a petitioner must produce new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, demonstrating that he is actually innocent. Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995). While a petitioner is not required to demonstrate his innocence to an "absolute certainty," he must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new

evidence." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 327).

Here, Petitioner does not provide any new exculpatory scientific or physical evidence or trustworthy eyewitness accounts in support of his argument that he is actually innocent. Instead, he argues that his attorney overlooked and disregarded DNA fingerprinting evidence at trial. Petition at 4. Accordingly, the Court finds that Petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him. Petitioner therefore has not established any basis for application of the actual innocence exception to the statute of limitations.

## C. Conclusion

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that or other grounds under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that within 28 days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is time-barred. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649. He may submit any other evidence he deems appropriate to support his claim for tolling.

///
///
///

**Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated: October 7, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge